# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ERIC STEWART,<br><br>    Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT<br>OF CORRECTIONS, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:06-cv-00520-AWI-SMS PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL<br><br>(Doc. 10)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO FILE AN AMENDED COMPLAINT, AND DIRECTING CLERK'S OFFICE TO SEND PLAINTIFF A COMPLAINT FORM<br><br>(Doc. 10)<br><br>AMENDED COMPLAINT DUE WITHIN SIXTY DAYS |

   Plaintiff Charles Eric Stewart ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On December 26, 2006, the court dismissed plaintiff's complaint and ordered plaintiff to file an amended complaint within thirty days. On January 25, 2007, plaintiff filed a motion seeking the appointment of counsel and an extension of time to file an amended complaint. Plaintiff alleges that he has been in the hospital with a staph infection for the past eight months, has had the right side of his skull removed, and faces additional surgeries. Plaintiff would like an extension of time until his surgery is completed.

   Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern

District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances.  Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This court is faced with similar cases almost daily.  Further, at this stage in the proceedings, plaintiff's complaint has been dismissed for failure to state a claim.  Therefore, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims.  Id.  Therefore, plaintiff's motion for the appointment of counsel must be denied.

With respect to an extension of time, the court cannot grant an open ended extension.  The court will grant plaintiff sixty days instead of the standard thirty days.  If plaintiff needs additional time after the sixty days have passed, he may file another motion for an extension.  In that motion, plaintiff should set forth when he believes his surgery will be completed and he will be able to file an amended complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel, filed January 25, 2007, is DENIED, without prejudice;
2. Plaintiff's motion for an extension of time, filed January 25, 2007, is GRANTED, and plaintiff shall file an amended complaint in compliance with the court's order of December 26, 2006, within **sixty (60) days** from the date of service of this order; and

///

3.     The Clerk's Office shall send plaintiff a civil rights complaint form.

IT IS SO ORDERED.

**Dated:     February 9, 2007**                    **/s/ Sandra M. Snyder**
i0d3h8                                             UNITED STATES MAGISTRATE JUDGE